UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARI BLAKE WOOD,

        Plaintiff,

v.

36TH DISTRICT COURT, et al.,

        Defendants.

_____/

Case No. 2:20-cv-10838

HONORABLE STEPHEN J. MURPHY, III

## **OMINUBUS OPINION AND ORDER**

Plaintiff Bari Blake Wood sued the 36th District Court of Michigan, Judge William McConico, and LaWanda Crosby and alleged First Amendment retaliation, violations of the Michigan Whistleblower statute, and termination in violation of Michigan public policy. ECF 1, PgID 2. Defendants promptly moved to dismiss the complaint, ECF 13, and also moved to strike several paragraphs of it, ECF 14. Plaintiff responded to both motions, ECF 16, 18, and Defendants replied, ECF 20, 21. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1. For the reasons below, the Court will grant in part and deny in part the motion to strike the complaint, and will grant in part and deny in part the motion to dismiss.

## BACKGROUND[1]

Plaintiff is a Michigan lawyer who was appointed as a magistrate judge for the 36th District Court in January 2016 by then-Chief Judge Nancy Blount. ECF 1, PgID 4. In November 2017, Plaintiff was appointed to serve as the Chief Magistrate Judge. *Id.*

As Chief Magistrate, Plaintiff was responsible for her own docket of cases as well as providing "oversight and guidance to the Court's other Magistrate Judges." *Id.* In Fall 2018, Plaintiff allegedly reported to the other magistrates and the then-Chief Judge that she believed the 36th District's practices surrounding warrants and felony arraignments violated state and federal law. *Id.* at 4–6. Plaintiff also alleged that she brought these same concerns to the then-Chief Judge and the Court Administrator in January 2019. *Id.* at 6. Plaintiff asserted that the response to her concerns was that it was "not the Court's problem." *Id.*

A few months later, an acquaintance informed Plaintiff that the American Civil Liberties Union ("ACLU") of Michigan would initiate a suit against the 36th District soon. *Id.* at 6–7. Plaintiff allegedly emailed the 36th District Court's in-house counsel and notified the then-Chief Judge of the potential litigation. *Id.* at 7. In April 2019 suit was indeed filed before this Court. *Id.*; *see also Davontae Ross, et al. v. Hon. Nancy M. Blount, et al.*, 2:19-cv-11076 (E.D. Mich. April 4, 2019) (Michelson, J.).

---

[1] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding of fact.

During the litigation of *Ross*, Plaintiff was sued in her official capacity and met with both the in-house counsel and the outside counsel for her court. ECF 1, PgID 8.

In November 2019, Defendant McConico was appointed as the Chief Judge of the 36th District Court. *Id.* at 9. Plaintiff alleged that shortly after the appointment, Judge McConico was briefed on the ongoing ACLU litigation, including Plaintiff's attempts to warn the 36th District Court about the issues. *Id.* The next month, Plaintiff was notified that Defendant McConico had decided to remove her as Chief Magistrate Judge. *Id.* And a few weeks later, Plaintiff alleged, she was terminated effective immediately from the court. *Id.* at 10. And because the ACLU in *Ross* had sued Plaintiff in her official capacity, her involvement with that suit as a defendant ended with the termination. *Id.*

In April 2020, Plaintiff filed the present suit and alleged she was terminated from her position as a magistrate judge because she "had a history of reporting and seeking to remedy legal violations by [the 36th District] Court, and because these actions threatened their defense against the ACLU litigation." *Id.* at 10. Specifically, Plaintiff alleged First Amendment retaliation, wrongful termination as a public policy tort under Michigan law, and a violation of the Michigan Whistleblower Protection Act. *Id.* at 10–17. Defendant moved to dismiss and argued Plaintiff was an at-will employee and her claims failed as a matter of law since they were improperly pleaded or lacked a legal basis. ECF 13, PgID 60–70. Defendant also moved to strike portions of the complaint and argued specific paragraphs were privileged or work product. ECF 14.

## LEGAL STANDARD

I.   <u>Motion to Strike</u>

Federal Rule of Civil Procedure 12(f) allows the Court, on a party's motion, to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In general, courts disfavor motions to strike because they "propose[] a drastic remedy." *Wrench LLC v. Taco Bell Corp.*, 36 F. Supp. 2d 787, 789 (W.D. Mich. 1998) (quotation omitted). Such motions should be "used sparingly and only when the purposes of justice require." *Doe v. Cin-Lan, Inc.*, No. 08-12719, 2009 WL 1508367, at *1 (E.D. Mich. May 29, 2009).

Under Federal Rule of Evidence 501, federal common law determines questions of privilege in federal question litigation. *See Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998) ("Questions of privilege are to be determined by federal common law in federal question cases. Fed. R. Evid. 501."). And under federal common law the elements of attorney-client privilege are:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived.

*Id.* at 355–56 (citing *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992)). It is also settled law that "a corporation may claim an attorney-client privilege to prevent an attorney from testifying about confidential communications with the corporation as a client." *Fausek*, 965 F.2d at 129. The Sixth Circuit has "confirm[ed] that a government entity can assert attorney-client privilege in the civil context." *Ross v. City of Memphis*, 423 F.3d 596, 601 (6th Cir. 2005). It is the municipality that holds

the privilege in such contexts and the municipality that may waive such privilege. *Id.* at 601–03 ("Municipalities, which are corporations, would thus be clients entitled to privilege.").

II.    <u>Motion to Dismiss</u>

When analyzing a motion to dismiss under Civil Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett*, 528 F.3d at 430. The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true," the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

The Court will first address Defendant's motion to strike, ECF 14, and then it will address the motion to dismiss claim by claim, ECF 13.

I.    <u>Motion to Strike</u>

Defendants assert that six paragraphs in the complaint—Paragraphs 36 and 41–46—contain information subject to attorney-client privilege. ECF 14, PgID 344. The paragraphs broadly discuss conversations between Plaintiff and the 36th District Court's in-house counsel and then later conversations with outside counsel during

the ACLU litigation. ECF 1, PgID 7–9. Statements are not privileged if they are merely facts about communications, including the facts that the communication took place, when it occurred, the identities of those involved, and the general subject matter of the communication concerned. *See Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys.*, No. 14-cv-12972, 2016 WL 4662431, at *8 (E.D. Mich. Sept. 7, 2016) (collecting cases). Paragraphs 41, 42, 43, and 44 are unprivileged information and merely provide information broadly about who was involved in the communication with outside counsel, the dates of those communications, and the general subject matter discussed. ECF 1, PgID 8.

But the same cannot be said for Paragraphs 36, 45, and 46. Instead, those paragraphs discuss specific information shared by Plaintiff when she was an employee of the 36th District Court and in her capacity as an employee of the court. *Id.* at 7–9. The paragraphs also discuss the specific communications and specific conclusions and impressions of the 36th District Court's attorneys. The attorney-client privilege protects that information. And because the client is the 36th District Court and the court did not waive the privileged information, Plaintiff may not assert it in her complaint.

Although there is little direction from the Sixth Circuit on motions to strike, several district courts around the country have routinely stricken privileged paragraphs from complaints. *See, e.g.*, *O'Donnell v. Genzyme Corp. et al.*, No. 14-cv-01767, ECF 33, PgID 294–97 (N.D. Ohio Dec. 18, 2014); *Sims v. Roux Labs., Inc.*, No. 06-10454, 2007 WL 2571941, at *1–4 (E.D. La. Aug. 31, 2007); *Shattles v. Bioprogress*

*PLC*, No. 1:05-cv-3179, 2006 WL 5778889, at *4 (N.D. Ga. July 14, 2006) (granting a motion to strike "because [the defendant] has met its burden and the statement in plaintiffs' amended complaint is protected by the attorney-client privilege").

Because the 36th District Court has met its burden to establish attorney-client privilege for Paragraphs 36, 45, and 46, the Court will grant in part Defendant's motion to strike and deny in part as to Paragraphs 41–44.

II.   Motion to Dismiss

Because the Court will strike Paragraphs 36, 45, and 46 from the complaint, the Court will proceed in considering Defendant's motion to dismiss the complaint without consideration of those paragraphs.

A.   *First Amendment Retaliation*

Plaintiff alleges Defendants terminated her from her role as a magistrate judge due in part to the exercise of her First Amendment right to free speech. ECF 1, PgID 10–13. A plaintiff must plead factual allegations sufficient to establish three elements for a First Amendment retaliation claim: "(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (quoting *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723 (6th Cir. 2010)). In this case, the Court need not analyze beyond the first element of Plaintiff's First Amendment retaliation claim.

"When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). Those limitations are not a forfeiture of all First Amendment rights by virtue of employment by a municipality; instead, the First Amendment protects public employees when they speak as citizens on matters of public concern. *Id.* But "when a public employee speaks as an employee on matter of personal interest," *Handy-Clay*, 695 F.3d at 539, then the courts are "not the appropriate forum in which to review the wisdom of a personnel decision." *Connick v. Myers*, 461 U.S. 138, 147 (1983). And so, the Court must undertake to determine whether the First Amendment protects a public employee's speech. Under *Garcetti*, Plaintiff must show:

> (1) that her speech was made as a private citizen, rather than pursuant to her official duties; (2) that her speech involved a matter of public concern; and (3) that her interest as a citizen in speaking on the matter outweighed the state's interest, as her employer, in 'promoting the efficiency of the public service it performs through its employees.'

*Handy-Clay*, 695 F.3d at 540 (quoting *Garcetti*, 547 U.S. at 420).

When it reviews a public employee's speech, a court "must consider both its content and context—including to whom the statement was made—to determine whether the plaintiff made the statement pursuant to her individual duties." *Fox v. Traverse City Area Pub. Schs. Bd. of Educ.*, 605 F.3d 345, 348 (6th Cir. 2010). Statements made within the ordinary chain of command to supervisors are generally not considered the speech of private citizens because such communications are the expectation of employees in their place of employment. *Id.* at 350. What is more, "ad hoc or de facto duties can fall within the scope of an employee's official responsibilities

despite not appearing in any written job description." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 544 (6th Cir. 2007). Thus, internal complaints or concerns that from a public employee's jobs are generally considered to be "part and parcel" of their duties and responsibilities. *Omokehinde v. Detroit Bd. of Educ.*, 563 F. Supp. 2d 717, 724 (E.D. Mich. 2008). *Cf. See v. City of Elyria*, 502 F.3d 484, 493 (6th Cir. 2007) (finding that a police officer's statements were constitutionally protected when allegations of corruption were reported to the FBI, not merely discussed internally with the police station).

Here, all the allegations in the complaint were made as "part and parcel" of Plaintiff's role as a magistrate or chief magistrate judge. And all the alleged incidents of speech occurred within the ordinary chain of command or within Plaintiff's official role as an employee of the 36th District Court. Specifically, Plaintiff alleged that in her role as the Chief Magistrate Judge she "created written guidance and training materials" on topics like how to conduct proper arraignments, small claims, and informal hearings. ECF 1, PgID 4. She also worked in that role to "address potential legal and civil rights violations she observed." *Id.* As a magistrate, she advised the then-Chief Judge, her supervisor, of issues she observed that she believed violated Michigan state and federal laws. *Id.* at 5. Before the ACLU litigation began, Plaintiff met with members of the 36th District Court to discuss potential forthcoming litigation. *Id.* at 7. After Plaintiff was sued in her official capacity as magistrate judge, she met with the other magistrate judges and 36th District Court personnel with their outside counsel for the ACLU litigation. *Id.* at 8. In each of those alleged

circumstances, Plaintiff's speech fell either within her role as an employee of the 36th District or an "ad hoc or de facto dut[y]" of serving in such a role. *Weisbarth*, 499 F.3d at 544. Thus, Plaintiff has failed to state a plausible claim for relief of First Amendment retaliation because her speech was not constitutionally protected as a public employee. And because Plaintiff's speech was not constitutionally protected, the Court need not analyze the remaining the First Amendment retaliation analysis and will grant Defendant's motion to dismiss as to the First Amendment claim.

### B.    *State Law Claims*

Finally, Plaintiff alleges her termination violated the Michigan WPA, Mich. Comp. Laws § 15.361 *et seq.*, and Michigan public policy. ECF 1, PgID 13–16. Because the Court has dismissed Plaintiff's First Amendment Retaliation claim and the Court lacks diversity jurisdiction, the Court will no longer exercise supplemental jurisdiction over the remaining state law claims.

A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which is has original jurisdiction[.]" 28 U.S.C. § 1367(c). Generally, district courts should decline to exercise supplemental jurisdiction over state law claims when all federal law claims have been dismissed from the case before trial. *See Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims.").

Two reasons support the Court declining to exercise supplemental jurisdiction over the state law claims. First, the Court lacks original jurisdiction over the state law claims. And second, the interests of judicial economy do not override the presumption against retaining the case because the Court lacks the strong familiarity with the Michigan WPA, and strong interests in preserving federalism should allow the Michigan state court's the opportunity to apply their own law and public policy. Thus, the Court will dismiss the state law claims without prejudice. Because the Court is declining to resolve the state law claims on the merits, the Court will deny Defendant's motion to dismiss the WPA and public policy tort claims without prejudice.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to strike the complaint [14] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion to strike [14] is **GRANTED** as to Paragraphs 36, 45, and 46 of the complaint. The paragraphs are **STRICKEN**.

**IT IS FURTHER ORDERED** that the motion to strike [14] is **DENIED** as to Paragraphs 41–44.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss [13] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the First Amendment Retaliation claim against all Defendants is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the state law claims against all Defendants are **DISMISSED WITHOUT PREJUDICE.**

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 22, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 22, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

12